### ESTES v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 23, 1915.)

#### No. 4360.

1. INDICTMENT AND INFORMATION ⬅125—DUPLICITY—INTRODUCING LIQUOR INTO INDIAN COUNTRY.

Where an indictment charged that defendant introduced spirituous liquors "into the Indian country, to wit, the Rosebud Indian reservation, into and upon a certain allotment of one Maggie Bordeaux," etc., such indictment was not bad for duplicity, as charging the introduction into the Indian reservation, as well as the Indian allotment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. ⬅125.

Introducing intoxicating liquors into Indian country, see note to Joplin Mercantile Co. v. United States, 131 C. C. A. 171.]

2. INDIANS ⬅38—INTRODUCING LIQUORS INTO INDIAN COUNTRY—INDICTMENT—SUFFICIENCY—"ALLOTMENT."

Where an indictment charged defendant with introducing spirituous liquor "into and upon a certain allotment" of an Indian, such indictment, although there was no allegation that the title to the land was held in trust by the government, stated facts constituting a public offense, since the word "allotment" is the term ordinarily and commonly used to describe land held by Indians after allotment, and before the issuance of the patent in fee that deprives the land of its character as Indian country.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ⬅38.

For other definitions, see Words and Phrases, Second Series, Allotment.]

3. CRIMINAL LAW ⬅304—EVIDENCE—JUDICIAL NOTICE—PRESIDENT'S SIGNATURE ON INDIAN PATENT.

In a prosecution for introducing intoxicating liquors into Indian country, the admission in evidence of the trust patent to the Indian allotment involved, without other proof than the patent itself, was proper, since the court will take judicial notice of the signature of the President of the United States.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700–717, 2951½; Dec. Dig. ⬅304.]

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Ed Estes was convicted of introducing spirituous liquors into Indian country, and he brings error. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. G. Bartine and C. W. Bartine, both of Oacoma, S. D., for plaintiff in error.

Robert P. Stewart, U. S. Atty., of Deadwood, S. D., and E. W. Fiske and George Philip, Asst. U. S. Attys., both of Sioux Falls, S. D.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

PER CURIAM. The indictment in this case charged the defendant with introducing spirituous liquors into the Indian country, to wit, the Rosebud Indian reservation, into and upon a certain allotment of one Maggie Bordeaux, an Indian of the Sioux Nation and Rosebud Tribe or band of Indians, which said allotment was and is described as follows, to wit: The northwest quarter (N. W. ¼) of section twenty-six (26), township forty-two (42) north, of range twenty-nine (29) west of the sixth principal meridian, in Mellette county, state of South Dakota.

[1] It was objected by demurrer that the indictment was bad for duplicity, in that it charged the introduction of the liquor into the Indian reservation as well as the Indian allotment. This objection is hypercritical. It is well known that allotments exist within Indian reservations, and a person of common understanding, on reading the indictment, would understand that the charge was narrowed to the allotment.

[2] It was further objected that the indictment did not state facts constituting a public offense, in that there was no allegation that the title to the land was held in trust by the government. The word "allotment" is the term ordinarily and commonly used to describe land held by Indians after allotment and before the issuance of the patent in fee. So understood, the statute which provides that the title to such allotment shall be held in trust by the government need not be pleaded.

[3] It is urged that the trial court erred in admitting in evidence the trust patent without other proof than the patent itself. This was not error. The court would take judicial notice of the signature of the President of the United States. Wharton on Evidence, § 317; Underhill on Evidence, 514; 3 Rice, Criminal Evidence, pp. 13, 14.

There is no merit in any of the errors assigned.

Judgment affirmed.